The case of Howard v. Ives (1 Hill, 263), is precisely in point against the defendant, unless the distinction insisted on by his counsel is a substantial one. In that case, the holder, residing at Troy, indorsed the paper to the Union Bank of New York for collection; while, in the present case, it was forwarded to a bank in that city under the blank indorsement of the defendant. The point of the defendant's counsel is, that the case does not apply because the plaintiff here did not indorse the note to the Broadway Bank. But I am of opinion that the difference is not material. Whether the note was forwarded under the indorsement of the plaintiff or that of the defendant, the transaction, when explained, amounts only to the creation of an agency for the purpose of collecting the note. In both cases, the indorsement clothed the collecting agent with an apparent title to the note. The case cited establishes, first, that the holder's agent, at the place of payment, may forward the notice to his principal in the interior, and if the latter forward it seasonably to the party to be charged he will be fixed, though more time is consumed than there would have been if the agent had sent it directly to the party to whom the ultimate notice was to be given; second, that where the note matures on Saturday the notice need not be mailed until Monday; and, thirdly, that, in the case of a circuitous notice, it will be in time if the intermediate party forwards it the next day after he receives it. This covers all the questions which can arise in this case; and the consequence is, that the defendant was duly charged, and that the judgment of the Supreme Court must be affirmed.
All the judges concurring,
Judgment affirmed. *Page 490